UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>                    Plaintiff,<br><br>          -against-<br><br>MEI YU ZHENG, et al.,<br><br>                    Defendants. | 25-CV-3435 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who temporarily is residing in the District of Columbia, filed this action, *pro se*,

seeking to proceed anonymously. She brings claims action under 42 U.S.C. § 1983, alleging that

Defendants illegally evicted her from her Queens, New York, apartment. She also alleges that she

was arrested in her bedroom where approximately ten police officers assaulted her. Named as

Defendants are (1) Mei Yu Zheng, who "fraudulently [is] acting as landlord," (ECF 1); (2) Yi Hui

Zou, the "legal title holder of record"; (3) the New York City Police Department ("NYPD")

115th and 118th Precincts, both located in Queens; (4) Judge David Bryan, a Queens County

Housing Court judge; (5) Allen Popper, of the Queens County Public Defender Office; and

(6) John Does 1-10.

For the following reasons, this action is transferred to the United States District Court for

the Eastern District of New York.

### DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim
occurred . . . ; or (3) if there is no district in which an action may otherwise be
brought as provided in this section, any judicial district in which any defendant is
subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated her rights in Queens County. She does not plead the residence of any of the defendants, but she asserts that the alleged events giving rise to her claims occurred in Queens County, which falls within the Eastern District of New York. *See* 28 U.S.C. § 112. Because it is unknown where all of the Defendants reside, it is unclear whether venue is proper under Section 1391(b)(1) in either this District or in the Eastern District of New York. Even if the Court did assume that Defendants reside in this District, and that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred in Queens County, venue would also be proper under Section 1391(b)(2) in the Eastern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see*

*also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Queens County, where Plaintiff resided during her eviction and arrest. Her eviction proceedings appear to be ongoing in Queens County. Moreover, Defendants all appear to work, or maintain property, in Queens, where it is reasonable to expect that all relevant documents would be located. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. The Court also reserves for the transferee court a ruling on Plaintiff's motion to proceed anonymously. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 30, 2025
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge